JACKSON, COX & CO.
*vs.*
HOLLOWAY.

in the exercise of a sound discretion, should permit separate trials.

---

## Jackson, Cox & Co. *vs.* Holloway.

### ERROR TO MADISON CIRCUIT.

ATTACHMENT.

Case 28.

1. As a general rule a court of equity will not compel a creditor to surrender to the assignee of his debtor, or to another creditor, money in his hands until his own debt is first satisfied. The assignee is regarded as occupying the place of the debtor, and only entitled to the balance after the debt due to the holder of the fund is paid.

2. Where property is attached and sold, and the funds paid into the hands of the attaching creditors, a reversal of the decree upon the ground that there existed no sufficient ground for the attachment, does not confer upon the defendant in the attachment suit, or to his assignee, after the money has been paid to the attaching creditor, any right to have the money refunded which was due to the attaching creditor, and to secure which the attachment issued.

3. The admissions of one under whom a plaintiff claims a right made before that right accrued, in a suit in regard to the subject in controversy, is competent evidence against such plaintiff.

4. One partner has no right, without the assent of another partner, to appropriate the partnership funds to the payment of his individual debts.

5. When equities are equal the elder should prevail.

JACKSON, Cox &
Co.
*vs.*
HOLLOWAY.

July 5.

Case stated.

Judge SIMPSON delivered the opinion of the court.

Some of the joint creditors of Spring & Step, the latter being partners in business, exhibited against them separate bills in chancery, and sued out attachments, which were levied upon their partnership property. The property thus attached was sold by order of the court, and the proceeds of the sale were placed in the hands of J. M. Shackleford as receiver, to be held by him until the fund should be disposed of by the final decree of the court. In March, 1850, the circuit court rendered a decree in favor of the creditors, (the suits having been consolidated,) sustaining the attachments, and directing the receiver to pay to them their debts and costs out of the money in his hands. The payments were accordingly made by him to the creditors in pursuance of the decree in May, 1850.

To the decree of the circuit court Spring & Step prosecuted a writ of error, and contended that the testimony in the cause did not sustain the allegation in the bills, of an intention on their part to make a fraudulent disposition of their property, upon which charge alone the attachments had been issued. On this ground, the decree was reversed at the December term, 1850, of this court, and the cause remanded with directions to dismiss the bills of the attaching creditors with costs.

Afterwards, on the 18th day of January, 1851, Spring & Step executed to Carr and Atwood, and Richard, Runyon a written transfer of so much of the money, which the assignors might be entitled to in consequence of the reversal of the decree in the aforesaid chancery suits, as would be sufficient to pay Carr and Atwood one hundred and fifteen dollars, and to Runyon the sum of fourteen dollars, due to them for fees; and on the 21st of the same month they transferred to Jackson, Cox & Co., (subject however to the previous transfer to Carr, Atwood, and Runyon,) all the remainder of the same fund, to be appropriated to the payment of certain debts therein enumerated, which they, or one of them, owed.

Upon that assignment Johnson, Cox & Co. brought this suit in chancery against the attaching creditors, asserting a claim to the whole fund, and praying that the latter might be decreed to pay to them not only the costs of the attachment suits, but also the money that was paid to them by the receiver under the decree of the circuit court. They also made Carr, Atwood, and Runyon defendants to their bill, and claimed against them a prior equity to a part of the fund, by virtue of a transfer executed to them by Spring alone, on the 17th of April, 1850, to pay a separate and individual debt that he owed to them.

JACKSON, COX & Co.
vs.
HOLLOWAY.

The creditors insist on their right, in equity, to retain the money paid to them, to the extent of their debts against Spring & Step. Carr and Atwood and Runyon contend, that the transfer of the partnership funds executed to the complainants by Spring alone, to pay his own individual liability, was inoperative and illegal, and that as they have the first joint assignment from the partners, they are invested with the eldest and best equity to the fund in contest.

The circuit court decided that the attaching creditors had a right to have their debts and the interest thereon paid out of the money in their hands, but that they should refund the costs of their suits, which had been paid to them, and also the costs that had been paid out by Spring & Step to the commissioner and receiver, for services rendered by them, amounting to $154 15; and that Carr and Atwood and Runyon were to be first paid out of the fund so produced, and decreed accordingly. To reverse that decree Jackson, Cox & Co. have prosecuted this writ of error.

The principal question to be considered is the relative rights of the attaching creditors, and of the assignees, to the fund in controversy. To the full comprehension of this question it is necessary to state that the debtors, Spring & Step, explicitly admitted in their answers, in the suits brought against them, in which the attachments were sued out, that the debts claimed by the creditors were justly due and owing

JAOKSON, Cox & Co.
vs.
HOLLOWAY.

by them, and the only matter in issue in those suits between the parties, was the existence of any just cause for suing out the attachments. This issue was decided by the circuit court in favor of the creditors, and against them by this court.

As a general rule a court of equity will not compel a creditor to surrender to an assignee of his debtor, or to another creditor, money in his hands until his own debt is first satisfied. Indeed he is regarded in equity as only owing to the debtor the balance that may remain after his own debt is paid. The assignee occupies the attitude of the debtor, and is only entitled to that balance. The assignments were made by Spring & Step after the money had been paid to the creditors, and conferred on the assignees substantially the same right which the assignors had against their creditors, and nothing more. If the assignments had been made of the fund in the hands of the receiver, before it was paid to the creditors, a different question would have arisen. The assignments would then have been valid, and have vested the assignees with the right to the money, subject to the lien created by the attachment. That lien having failed, the money would have belonged to the assignees. But the money, when it was paid to the creditors, belonged to their debtor, and their reception of it invested them with a right to it in equity, for the payment of their demands. The reversal of the decree, and the mandate of this court to dismiss their bills, left their debts in full force and undischarged, and only defeated their demand for the costs expended by them in the prosecution of their suits, and subjected them to liability for the costs of the opposite party.

But it is contended that this general rule should not be allowed to apply in a case like the present; that to allow it, would be repugnant to the policy of the law, tend to the encouragement of illegal acts, and violate the legal principle that no person shall derive any benefit or advantage from his own wrong.

1. As a general rule, a court of equity will not compel a creditor to surrender to the assignee of his debtor, or to another creditor, money in his hands, until his own debt is first satisfied. The assignee is regarded as occupying the place of a debtor, and only entitled to the balance after the debt due to the holder of the fund is paid.

It is perfectly evident, however, that the creditors prosecuted their suits in good faith, believing that a just cause existed for suing out the attachments. The testimony was sufficient to satisfy the court below of the existence of that cause, and although this court entertained a different opinion, it does not prove that the suits were instituted and prosecuted for the purpose merely of obtaining an undue advantage, by getting possession of the proceeds of the sale of the attached property; if such a case were to arise the chancellor might not permit the creditor to avail himself of an advantage thus improperly obtained. But here, where all the acts of the creditors were characterized by fairness, and the possession of the money was acquired by an honest but unsuccessful effort to coerce the collection of their debts by legal process, and in pursuance of the decree of a court of competent, although not final jurisdiction, there is no good reason why the chancellor should not regard their claim with as much favor as that of any other creditor, and permit them to retain, out of the money in their hands, a sum sufficient to pay the debts due to them by Spring & Step.

The decree of the court below, so far as it is in favor of the attaching creditors, is objected to on the ground that there was no legal proof, so far as the complainants Jackson, Cox & Co. were concerned, that Spring & Step were indebted in any amount to the persons claiming to be their creditors, or that they were insolvent at the time the assignments were executed by them.

The admissions made by Spring & Step, in their answers in the attachment suits, that the debts claimed by the complainants in those suits were due and owing by them, having been made previous to the date of the assignments relied upon in this suit, are legal testimony against the assignees, and conclusively establish the demands set up and asserted by the attaching creditors. The equitable right of the creditors to retain the money in their hands for the pay-

2. Where property is attached and sold, and the fund paid into the hands of the attaching creditors, a reversal of the decree upon the ground that there existed no sufficient grounds for the attachment, does not confer upon the defendant in the attachment suit, or to his assignee, after the money has been paid to the attaching creditor, any right to have the money refunded which was due to the attaching creditor, and to secure which the attachment issued.

3. The admissions of one under whom a plaintiff claims a right made before that right accrued, in a suit in regard to the subject in controversy, is competent evidence against such plaintiff.

ment of the debts due to them, results from their having acquired the possession of it, and being thus constituted the debtors of Spring & Step, and not from the insolvency of the latter. This equitable right originated before the assignments were executed, and is superior to that acquired by the assignees. The creditors do not come into chancery seeking any relief—they are acting upon the defensive, and the chancellor will not compel them to pay any more than the balance that may remain due from them, after deducting from their indebtedness any just demand which they had against the assignors at the date of the assignments. But if the insolvency of the assignors at the date of the assignments was necessary to sustain this equity on the part of the attaching creditors, we think it might be inferred from the acts of the parties, and the facts proved and admitted in the attachment suits against Spring & Step, the record of which was read in evidence in this case, without being objected to.

4. One partner has no right, without the assent of another partner, to appropriate the partnership fund to the payment of his individual debt.

With respect to the contest between the assignees themselves, the right of Carr and Atwood and Runyon to the preference is undoubted, unless the previous transfer by Spring alone, invested the complainants with an equity to the fund. The principle is well settled that one partner has no power, without the assent of the other members of the firm, to appropriate partnership effects to the payment of his individual liabilities; there is no testimony that this transfer by Spring was made with the assent of Step; the subsequent transfer executed to the complainants by both partners, to secure the payment of the debt due to them by Spring, is relied upon to prove that fact. But it cannot have that effect, for it expressly recognizes the validity of the subsequent transfer to Carr and Atwood and Runyon, and thereby virtually repudiates the previous one made to the complainants by Spring alone. That assignment, therefore, can have no effect unless there be a surplus, after the payment of the partnership debts and the settlement of

the partnership accounts, out of the firm assets to which Spring is entitled, and the existence of such a suplus has not been established. As all the debts to which priority has been given by the decree were partnership debts, they had to be paid before any right could accrue to the assignees under this assignment. The agreement of facts by the parties, in which it is admitted "that Spring & Step owed Jackson, Cox & Co., as stated in their bill, and executed the instruments alleged and exhibited to secure the same," does not impart validity to the assignment made by Spring, or prove, as contended, that it was executed by both the partners. It is alleged by the complainants in their bill that the first writing was executed by Spring, to secure the payment of a debt which he owed to them, and the second was executed by both Spring & Step; these statements are admitted to be true, and nothing more. If the admissions were as comprehensive as they are said to be, it would not be of any advantage to the complainants, because the facts proved or admitted, except so far as they support the allegations in the pleadings, are immaterial.

The final decree is however defective in failing to fix and define the sums to be paid by each of the defendants to Carr and Atwood and Runyon, and in not specifying how much they were to pay to the complainants, Jackson, Cox & Co. It also improperly allowed interest on the sum assigned to Runyon, not from the date of the assignment, as should have been done, but from a period considerably anterior thereto. The defendants should also have been directed to pay the costs of Carr and Atwood and Runyon, and these costs should not have been taken out of the fund assigned; they are also liable to the complainants for the costs expended by them, inasmuch as they claimed all the fund, and did not admit the right of the assigness to any part thereof. Shackleford was not entitled to a decree for costs against Jackson, Cox & Co., as he was not a defendant to their bill.

JACKSON, COX & Co.
vs.
HOLLOWAY.

5. Where equities are equal, the elder should prevail.

The creditors have assigned cross errors. In addition to the demands asserted against Spring & Step in their attachment suits, they claim, by assignment, two judgments against them, one in the name of Silas Wolverton, and the other in the name of Enoch Clark, which they set up and rely upon in their answers as equitable off-sets against the amount for which they are liable to Spring & Step or their assignees. But the assignment of Clark's judgment was made after the assignment of the fund in contest to the complainants, and indeed after the commencement of their suit, and therefore conferred no right on the defendants to any part of that fund. The other demand was assigned to Holloway, one of the attaching creditors, on the 20th of January, 1851, which was prior to the assignment by Spring & Step to the complainants and he has consequently an equitable right to have it paid out of the debt due by him, if it be sufficient for that purpose. Wolverton's judgment, which has been assigned to him, exceeds his liability to Spring & Step, and the complainants were not entitled to any decree against him. If however, the amount for which the other attaching creditors are liable, be insufficient to pay Carr and Atwood and Runyan, he will be liable to them for the deficiency, as their equity is older than that which he derives under the assignment of Wolverton's judgment. But Jackson, Cox & Co. are not entitled to any decree against him.

Wherefore, for the errors indicated, the decree is reversed upon the original errors, and upon the cross errors of Holloway, and cause remanded that a decree may be rendered in conformity with this opinion.

TURNER for plaintiffs; FIELD and BURNAM for defendants.